

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAYA RANA, | Case No.:  26-cv-2563-RSH-DDL |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER LaROSE, Warden, Otay Mesa Detention Center, | |
| Respondent. | |

On April 22, 2026, petitioner Ajaya Rana filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

1

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

In a previous habeas case filed by Petitioner, *Rana v. LaRose*, No. 26-cv-285-RSH-DDL, Dkt. No. 5, the Court on February 2, 2026 granted the petition and ordered a bond hearing for Petitioner. In that case, the immigration court timely held a bond hearing and denied bond on the grounds that Petitioner was a flight risk. Dkt. No. 11. Petitioner thereafter brought a motion to enforce the judgment, arguing that the immigration judge erred in its ruling and declined to grant Petitioner a continuance to prepare additional evidence. Dkt. No. 7. Respondent opposed, contending lack of error by the immigration judge as well as Petitioner's failure to exhaust administrative remedies. Dkt. No. 9. On March 13, 2026, the Court denied Petitioner's motion based on Petitioner's failure to exhaust. Dkt. No. 11.

In the instant Petition, Petitioner raises arguments substantially similar to those he made in his motion to enforce in the prior case. However, he still has not exhausted his administrative remedies. According to the Petition, Petitioner appealed to the Board of Immigration Appeals on February 24, 2026, and his appeal has not yet been adjudicated. ECF No. 1 at 7. The Petition is therefore subject to dismissal for failure to exhaust. Additionally, the Petition does not set forth a legal or factual basis for any relief from this Court. Petitioner's allegations do not establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DISMISSED** without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 29, 2026

*Robert S Huie*
_____
Hon. Robert S. Huie
United States District Judge

26-cv-2563-RSH-DDL