UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AJAYA RANA,
Petitioner,
v.
CHRISTOPHER LaROSE, Warden, Otay Mesa Detention Center,
Respondent.

Case No.: 26-cv-2563-RSH-DDL

**ORDER DENYING MOTION TO RECONSIDER**

[ECF No. 5]

On April 22, 2026, petitioner Ajaya Rana filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On April 29, 2026, the Court dismissed the petition based on failure to exhaust administrative remedies. ECF No. 3. On May 6, 2026, Petitioner filed a motion for reconsideration of that dismissal. ECF No. 5. Respondent opposes. ECF No. 8.

**I. BACKGROUND**

This is the second of three habeas petitions that Petitioner has filed in this district in connection with his immigration detention. Petitioner filed his first petition on January 16, 2026. *See* Case No. 26-cv-285, Dkt. No. 1. On February 2, 2026, the Court granted the petition and ordered a bond hearing for Petitioner. Dkt. No. 5. The immigration court timely held a bond hearing on February 11, 2026, and denied bond on the grounds that

Petitioner was a flight risk. Dkt. No. 7-1. Petitioner thereafter brought a motion to enforce this Court's judgment, arguing that the immigration judge erred and declined to grant Petitioner a continuance to prepare additional evidence. Dkt. No. 7. Respondent opposed, contending lack of error by the immigration judge as well as Petitioner's failure to exhaust administrative remedies. Dkt. No. 9. On March 13, 2026, the Court denied Petitioner's motion based on Petitioner's failure to exhaust administrative remedies. Dkt. No. 11.

Petitioner thereafter filed his second petition, discussed above, which the Court dismissed and which Petitioner has moved to reconsider.

Petitioner filed his third petition on July 1, 2026. *See* Case No. 26-cv-3829. This petition raised arguments similar to those Petitioner made in his motion to enforce in connection with the first case, as well as to those he subsequently made in his second petition. *Compare* Case No. 26-cv-285, Dkt. No. 7, *with* ECF No. 1, *and* Case No. 26-cv-3829, Dkt. No. 1. On July 29, 2026, the Court denied the third petition. *See* Case No. 26-cv-3829, Dkt. No. 7. The Court determined that even apart from the doctrine of exhaustion of administrative remedies, Petitioner failed to meet his burden of showing he is entitled to habeas relief. *Id.* at 3.

## II. DISCUSSION

Reconsideration is an "extraordinary remedy, to be used sparingly[.]" *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (addressing a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In seeking reconsideration of the Court's order of dismissal, Petitioner argues that exhaustion of remedies through an appeal to the Board of Immigration Appeals ("BIA") would be futile here, because the BIA "does not have jurisdiction to adjudicate the constitutional issues raised in the second petition." ECF No. 5 at 2. The Court disagrees.

The BIA could have addressed the claims of error set forth in the second petition—including Petitioner's claim that the immigration judge improperly denied him a second continuance, depriving Petitioner of the "chance to prove that [he] meet[s] the necessary burden of proof" and "subjecting [him] to failure to apply the correct burden of proof"—had Petitioner properly appealed his denial of bond. *See* ECF No. 1 at 6.

Even apart from the exhaustion doctrine, the claims in the second petition are subject to denial for the reasons stated by the Court in denying Petitioner's third petition—a document that contains wording largely identical to that in Petitioner's second petition. *See* Case No. 26-cv-3829, Dkt. No. 1 at 6. The Court finds no clear error its prior order and declines to reconsider dismissal of Petitioner's second petition.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to reconsider [ECF No. 5] is **DENIED**.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: August 6, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge